UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

John Gebo

    v.                                                      Civil No. 25-cv-452-SE-AJ

Helen Hanks, Commissioner, New Hampshire
Department of Corrections; and
Natasha Cole, Director of Classifications,
New Hampshire Department of Corrections

**O R D E R**

    Self-represented Plaintiff John Gebo is a New Hampshire Department of Corrections ("NHDOC") prisoner presently housed within the Rhode Island Department of Corrections ("RIDOC") pursuant to the Interstate Corrections Compact ("ICC"). He brings this action under 42 U.S.C. § 1983, asserting that the defendants, NHDOC officials sued in their official and individual capacities, violated his rights under the United States Constitution, state law, and the ICC. Before the court for a ruling is Mr. Gebo's motion for court-appointed counsel (Doc. No. 2).

    "There is no absolute constitutional right to a free lawyer in a civil case." DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). "'[A]n indigent litigant must demonstrate exceptional circumstances in his or her case to justify the appointment of counsel.'" McCauley v. Groblewski, No. 18-2167, 2020 U.S. App. LEXIS 33967, at *23, 2020 WL 6265069, at *8 (1st Cir. July 28, 2020) (quoting Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986)). "Exceptional circumstances are shown when the denial of appointed counsel will result in fundamental unfairness impinging on a litigant's due

process rights." McCauley, 2020 U.S. App. LEXIS 33967, at *23, 2020 WL 6265069, at *8 (citing Des Rosiers, 949 F.2d at 15).

As grounds for his motion, Mr. Gebo asserts that: he suffers from debilitating mental health conditions which "significantly impair his ability to process information, manage deadlines, and navigate complex legal procedures," Doc. No. 2, at 1; this case involves complex legal issues; he is unable to access NHDOC policies and procedures and administrative records relevant to his claims; he is unable to access New Hampshire legal materials; and he is unable to conduct meaningful discovery. He alleges that he faces a substantial risk of prejudice because "[h]is ability [to] articulate claims, respond to motions, and prepare for trial is severely compromised by his mental health and confinement." Id. at 2.

In his filings, Mr. Gebo has demonstrated an ability to clearly and cogently assert his claims, and the facts and arguments supporting these claims. Further, this case has not yet been subject to preliminary review under 28 U.S.C. § 1915A(a) and LR 4.3(d)(1). Therefore, the court cannot, at this time, determine the level of complexity or difficulty involved in litigating the claims that may proceed in this matter. At this stage of the case, no evidentiary (or non-evidentiary) hearings have been scheduled, no defendants have been served, and Mr. Gebo has not incurred any discovery obligations.

As necessary, Mr. Gebo may seek an extension of any deadline the court sets which his circumstances make it difficult to meet. Further, nothing mentioned in the motion suggests that Mr. Gebo will not be able to fully engage in discovery, move the court to issue subpoenas, or seek materials relevant to his case which are in the possession of the defendants during discovery.

Accordingly, Mr. Gebo's request for court-appointed counsel (Doc. No. 2) is DENIED, as premature and for failure to demonstrate extraordinary circumstances, without prejudice to his ability to again seek such relief if circumstances in the future so warrant.

SO ORDERED.

_____
Andrea K. Johnstone
United States Magistrate Judge

December 4, 2025

cc: John Gebo, pro se